**IN THE COURT OF APPEALS OF IOWA**

No. 22-0082
Filed March 30, 2022

**IN THE INTEREST OF K.O. and Z.O.,**
**Minor Children,**

**T.W., Father,**
        Appellant.
_____


Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.


A father appeals the termination of his parental rights.  **AFFIRMED.**


Joseph G. Martin, Cedar Falls, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Rachel Antonuccio of the Waterloo Juvenile Public Defender's Office, Waterloo, attorney and guardian ad litem for minor children.


Considered by May, P.J., and Schumacher and Badding, JJ.

**BADDING, Judge.**

A father appeals the termination of his parental rights to his two children, born in 2012 and 2015, under Iowa Code section 232.116(1)(f), (i), (j), and (m) (2021). The father was recently sentenced to an indeterminate prison term totaling one hundred years with a mandatory minimum of thirty-five years on several criminal convictions relating to his sexual abuse of the children. On appeal, the father only argues the juvenile court should have established a guardianship in lieu of terminating his parental rights. The father points out that he appealed his convictions and argues permanency should be deferred to allow for additional reunification efforts in the event he prevails. In the event he does not prevail, he identifies two individuals he believes would serve as suitable guardians.

The children were not placed with either of these proposed guardians when they were removed from the father in September 2020. Instead, they were placed with a paternal aunt and uncle, where they are thriving. In a victim impact statement read at the father's sentencing in the criminal case, the older child said: "I want you to know I am happy where I am. I am the happiest I've ever been. I have parents that truly love me the right way." And the younger child similarly said: "Living with [the paternal aunt and uncle] makes me happy. I have clean clothes and good food."

At the end of the day, although section 232.104(2)(d) allows for the establishment of a guardianship as a permanency option, section 232.104(4)(a) requires a showing by convincing evidence that termination would be contrary to the children's best interests. *See In re B.T.*, 894 N.W.2d 29, 32–33 (Iowa Ct. App. 2017) (explaining the options available to the juvenile court after a termination-of-

parental-rights hearing). On our de novo review of the record, *see id.* at 30, we are unable to make such a finding. If the father prevails in having his convictions overturned, it does not change the fact that termination of his parental rights is supported by clear and convincing evidence relative to his sexual abuse of the children. *See In re D.D.*, 955 N.W.2d 186, 196 (Iowa 2021) (Christensen, C.J., concurring specially) ("[S]exual abuse allegations are not contingent upon companion criminal charges."). And the individuals he proposes as guardians are certainly not suitable, as they both sat idly by while the abuse occurred.

Allowing the legal bonds between the father and the children to continue would not be in the children's best interests. *See B.T.*, 894 N.W.2d at 32 ("[A] guardianship is not a legally preferable alternative to termination."). Terminating the father's rights to give the children a chance at healing from the trauma caused by the father's abuse without further delay is in their best interests. We affirm.

**AFFIRMED.**